UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00145-07 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUWANDA L. FOREST | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Quwanda L. Forest's ("Forest") Motion for Reduction of Sentence in Light of New Amendment U.S.S.G. 794." (Record Document 246). Forest seeks reduction of her sentence based upon the application of the recent amendment to § 3B1.2 of the United States Sentencing Commission Guidelines. She contends that the amendment is retroactive, and should therefore be applied to reduce her sentence.

"Amendment 794 left the text of § 3B1.2 unchanged but made various revisions to the commentary." U.S. v. Gomez-Valle, No. 15-41115, 2016 WL 3615688, at *3 (5th Cir. July 5, 2016). In Gomez-Valle, the Fifth Circuit addressed Amendment 794:

> Whether Amendment 794 is substantive or clarifying is a matter of first impression in this circuit. The Ninth Circuit has held in a published opinion that Amendment 794 is clarifying and retroactive to cases on direct appeal. In an unpublished opinion, the Eleventh Circuit considered the non-exhaustive factors added by Amendment 794 to a sentence imposed prior to the Amendment's effective date, noting briefly that it "consider[s] clarifying amendments retroactively on appeal regardless of the date of sentencing." In a recent opinion, the First Circuit declined to reach the issue, noting that the changes effected by Amendment 794 provided no benefit to the defendant.
>
> We conclude that it is unnecessary to resolve whether Amendment 794 was a substantive change or instead only clarifying because even if it were applied retroactively, it would not affect Gomez-Valle's sentence.

Id. at *5.

Amendment 794 revised the commentary to U.S.S.G. § 3B1.2. Section 3B1.2

Case 5:14-cr-00145-SMH-MLH   Document 247   Filed 12/09/16   Page 2 of 3 PageID #: 1112

provides that a defendant's offense level is decreased by 4 levels if he was a minimal participant in any criminal activity, 2 levels if he was a minor participant in any criminal activity, or 3 levels for cases falling in between minimal and minor participation in any criminal activity. Amendment 794 explains that, when evaluating the defendant's role in the criminal activity, the district court should compare the defendant to the other co-participants in the criminal activity at issue, as opposed to the "universe of persons participating in similar crimes." Gomez-Valle, 828 F.3d at 329 n. 23 (citations omitted). Amendment 794 also:

> revise[d] the commentary to emphasize the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative and that such a defendant may receive a mitigating role adjustment, if . . . he or she is substantially less culpable than the average participant in the criminal activity. Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. In addition, Amendment 794 provides that a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

Id. at 329-330 (internal quotations and citations omitted). November 1, 2015, is the effective date of Amendment 794.

> Pursuant to 18 U.S.C. § 3582(c)(2):
>
> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)(3) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

In reviewing a motion for a sentence reduction, the district court determines, in its discretion, "(1) whether, and to what extent a sentence modification is authorized, and (2)

Page 2 of  3

whether any reduction is warranted in light of any applicable 18 U.S.C. § 3553(a) sentencing factors." U.S. v. Westbrook, 488 Fed. Appx. 8141 (5th Cir. Sept. 10, 2012) (citation omitted). The court is not obligated to reduce a defendant's sentence. See id.

The "applicable policy statement[ ] issued by the Sentencing Commission," U.S.S.G. § 1B1.10, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," provides that a reduction in a defendant's sentence is authorized by U.S.S.G. § 3582(c)(2) only if the pertinent amendment is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. 1B1.10(a)(1). If an amendment to the United States Sentencing Guidelines is not listed in U.S.S.G. § 1B1.10(d), then "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." Id. at § 1B1.10(a)(2); see also U.S. v. Porter, 335 Fed. Appx. 408, 410 (5th Cir. June 22, 2009). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d). Therefore, it cannot be retroactively applied under § 3582(c)(2). Forest's motion (Record Document 246) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of December, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE